

ENTERED PURSUANT TO ADMINISTRATIVE ORDER
NO. 08-10: KENNETH J. HIRZ, CLERK OF COURT
BY: /S/ MARILYN ELDRIDGE
DEPUTY CLERK

Dated: 02:34 PM October 30 2009

**THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 PROCEEDING |
|   EDWARD E MADDEN JR | ) | |
|   TIFFANY C MADDEN | ) | ORDER CONFIRMING PLAN |
|   7427 BUOY CT. | ) | |
|   NORTHFIELD, OH 44067 | ) | CASE NO. 09-53531 |
| | ) | |
| | ) | JUDGE MARILYN SHEA-STONUM |
|                DEBTOR(S) | | |

-------------------------------------------------------------------------------------------------------------------

The Chapter 13 plan (the "Plan") in this case came on for confirmation at a hearing before the Court. A copy of the Plan is attached to this Order Confirming Plan (the "OCP"). Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor or the debtors, in a joint case, (collectively, the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

    A)    Notice of the confirmation hearing was duly given.
    B)    The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

    1)    The Plan is confirmed.
    2)    The Debtor's Plan is incorporated into this OCP as if fully rewritten herein, provided, however, that should there be any inconsistencies between the Plan and this OCP, this OCP shall control.
    3)    The Plan may extend beyond its stated term, but not to exceed a total of sixty (60) months in duration, in order to carry out the provisions of this OCP without further application or notice pursuant to Bankruptcy Code Section 1322(c).
    4)    Pursuant to Bankruptcy Code Section 1302(b)(4), the Trustee is authorized and permitted to send notices, plan balances and other general information concerning the administration of the Plan directly to the Debtor.
    5)    The property of this bankruptcy estate shall consist of all items listed in Bankruptcy Code Sections 541 and 1306, including, but not limited to all postpetition assets and income acquired by the Debtor.

6) All property of the estate acquired after the commencement of the case and not reported to the Trustee or scheduled in accordance with Rule 1007(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall remain property of the estate and will not vest in the Debtor upon confirmation under Bankruptcy Code Section 1327(b).
7) All property owned by the Debtor prepetition which is properly disclosed on the petition schedules shall remain in possession of the Debtor and such prepetition property shall vest in the Debtor upon confirmation. Creditors, as that term is defined in Bankruptcy Code Section 101, may not proceed against property which has vested in the Debtor without requesting a hearing pursuant to Bankruptcy Code Section 362.
8) The valuation of secured claims listed in the Plan pursuant to Bankruptcy Code Section 506(a) shall be determined by the Court upon motion and the opportunity for hearing as discussed in the Court's decision in In Re Fiorilli, 196 B.R. 83 (Bankr. N.D. Ohio 1996) and Creditors shall not be bound by valuations made in the Plan and schedules unless this procedure is followed.
9) Creditors seeking to be paid under the Plan must file a proof of claim pursuant to Bankruptcy Rule 3002.
10) Absent an objection or court order, the Trustee shall pay proofs of claim as filed pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3001(f).
11) Pursuant to Bankruptcy Code Sections 521(3) and (4) and Bankruptcy Rule 4002(3) and (4), the Debtor is under a continuing obligation to cooperate with the Trustee and disclose all income and assets.

**RESPONSIBILITY OF THE DEBTOR IN A CHAPTER 13 PLAN**

1) The Debtor agrees to make timely payments in the amount stated in the Plan (the "Plan Payments"). Furthermore, the Debtor agrees to devote all future disposable income to the Plan as required by Bankruptcy Code Sections 1322(a)(1) and 1325(b)(2). A Debtor who is regularly employed must make Plan Payments by payroll deduction, unless the Trustee has consented to an agreed order allowing direct payments. A Debtor who is self-employed or who has other sources of income must make the Plan Payments by money order or certified check. ***The Debtor is responsible for making the Plan Payments to the Trustee by no later than the 20th of each month***.
2) If the Plan provides that the Debtor is to make postpetition mortgage payments directly outside of the Plan, the Debtor agrees to make those postpetition mortgage payments timely.
3) The Debtor must give notice of any change of address to Debtor's attorney, the Trustee and the Clerk of the U.S. Bankruptcy Court.
4) The Debtor is under a continuing obligation during the course of the Plan to consult Debtor's attorney if Debtor is unable to make Plan Payments.
5) The Debtor shall not incur additional debt exceeding $1,000 (One thousand dollars), cumulatively over the life of the Plan, without notice to the Trustee and approval from the Court.
6) The Debtor shall not transfer any interest in real property or automobiles without the Court's approval.
7) The Debtor shall not transfer personal property valued at $1,500 (One thousand five hundred dollars) or more without the Court's approval.
8) If the Debtor seeks to refinance real estate, the Debtor is under an on-going obligation to consult with Debtor's attorney before completing said refinancing. Refinancing must be reviewed by the Trustee and approved by the Court.
9) The Debtor is under a continuing obligation during the Plan to pay all applicable taxes as such taxes become due, including, but not limited to, (a) income taxes to federal, state, and local taxing authorities, (b) local property taxes and (c) sales and payroll taxes for which the Debtor is personally

responsible. The Debtor must timely file all postpetition tax returns. Upon request of the Trustee, the Debtor must supply copies of tax returns to the Trustee during the Plan.

10) Tax refunds in excess of $1,500 (One thousand five hundred dollars), calculated to exclude Earned Income Tax Credits and child and dependant care credits, are property of the bankruptcy estate and must be paid to the Trustee, for the benefit of creditors, for distribution according to the Plan.

11) The Debtor may make application to the Trustee and the Court if the Debtor has a compelling reason to retain tax refunds in excess of $1,500 (One thousand five hundred dollars).

12) The Debtor is under a continuing obligation to maintain homeowner's insurance during the Plan. Furthermore, the Debtor is under a continuing obligation to maintain minimum automobile liability coverage required by Ohio law during the Plan. The Trustee is authorized to request proof of automobile and homeowner's insurance, as the Trustee deems appropriate.

13) A Debtor engaged in self-employment (sole proprietorship, S-corporation, owner of C-corporation, or rental properties) is required semi-annually to supply updated financial information as requested by the Trustee.

**RESPONSIBILITY OF HOLDERS OF SECURED CLAIMS**

1) Holders of secured claims on either real or personal property of the Debtor do not need to seek relief from the automatic stay pursuant to Bankruptcy Code Section 362 for the limited purpose of supplying the Debtor coupon books, notice of a change in address of the creditor, notice of a change in servicing agent for the creditor, annual 1098 tax information, and all other information that provides the Debtor an accounting of payments paid both by the Debtor directly and by the Trustee.

2) All holders of claims secured by mortgages or deeds of trust on real property shall apply payments designated as a cure of prepetition arrearage and paid under the Plan to prepetition payments, and shall apply payments designated as postpetition payments and paid outside the plan after the commencement of the case to on-going postpetition payments.

3) All holders of secured claims shall refrain from imposing late charges on postpetition payments if those payments are paid timely.

4) Provided that the Debtor is current in his/her postpetition mortgage payments and current in his/her plan payments to the Trustee, and is occupying the premises that is subject to the mortgage or deed of trust, holders of claims secured by mortgages or deeds of trust shall refrain from the imposition of monthly inspection fees, attorneys fees, paralegal fees or other type of bankruptcy monitoring fees without prior approval of the Bankruptcy Court, after notice and hearing.

5) All holders of claims secured by mortgages or deeds of trust shall refrain from holding an amount equivalent to more than one month's postpetition payment in a "suspense account" or other similar device that serves to prevent the application to the account of the Debtor's payment of either principal or interest.

6) If the Plan provides that the Trustee is to make the mortgage payment (both prepetition and postpetition), the mortgage payments are deemed timely paid as long as the Debtor is current in payments to the Trustee. This provision does not apply if the Plan provides for payment of postpetition mortgage payments directly by the Debtor outside the Plan.

**PAYMENT OF ATTORNEY FEES IN A CHAPTER 13 PLAN**

1) Debtor's counsel fees in Chapter 13 cases filed in Akron, Ohio, shall be deemed an administrative expense of the bankruptcy estate pursuant to Bankruptcy Code

Section 503(b). Upon confirmation of the Plan, provided sufficient funds have been paid into the Plan, the Trustee shall commence payment of attorney fees pursuant to Bankruptcy Code Sections 507(a)(1) and 1326(b)(1), subject to Administrative Order No. 04-01.

2) Debtor's counsel shall remain counsel of record and provide representation on behalf of the Debtor until completion or dismissal of this case, unless said representation has been excused by the Court. Failure to attend to such representation may result in an order requiring disgorgement of fees.

3) Pursuant to the disclosure of compensation of Attorney for debtor(s) attorney fees have been requested in the total amount of $3,000.00.

###

Approved:

/s/ Keith L. Rucinski
Keith L. Rucinski, Esquire
Chapter 13 Trustee
One Cascade Plaza. #2020
Akron, OH 44308
Phone: 330-762-6335
Fax: 330-762-7072

- 4 -

09-53531-mss    Doc 31    FILED 11/01/09    ENTERED 11/01/09 23:25:28    Page 4 of 12

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                                         CASE NO: 09-53531
)            Chapter 13
Edward Eugene Madden, Jr.
)
Tiffany Cherie Madden
)
       Debtor(s).                             Judge Marilyn Shea-Stonum
)
                                                       Chapter 13 Plan

       1. **Plan payment and length**. The debtor(s) shall pay to the chapter 13 trustee all projected disposable income in the amount of $100.00 each week from the debtor-husband's wages for approximately 60 months, but not to exceed 5 years. Unless allowed unsecured claims are paid 100%, the duration of the plan shall be 3 years if the debtor('s)(s') income is less than or equal to the applicable state median income or 5 years if greater than the applicable state median income. This provision does not prohibit the debtor from prepaying the plan before the 3 or 5 year period.

       2. **Effective date of the plan**. The effective date of the plan shall be the date of the confirmation of the plan.

       3. **Preconfirmation adequate protection and lease payments**. The following preconfirmation adequate protection payments on claims secured by personal property of the debtor(s) and preconfirmation lease payments for the lease of personal property shall be paid by the chapter 13 trustee to the below listed creditors. The debtor shall remit such payments immediately to the chapter 13 trustee. Creditors must file a proof of claim in order to receive any preconfirmation adequate protection or lease payment. Payments shall be reserved by the chapter 13 trustee until the date of the entry of the order confirming the plan and then paid to these creditors. In the event that the chapter 13 case is dismissed or converted to a case under another chapter of the Bankruptcy Code before confirmation of the plan, or is not confirmed by the 120th day after the date the plan is filed, the chapter 13 trustee shall pay the reserved payments to the creditors listed below. The above procedure will be set forth in an Agreed Order that will be presented by the chapter 13 trustee to the debtor(s) and any other consenting party at the Sec. 341 hearing which shall be called an "agreed order allowing preconfirmation adequate protection payments" and thereafter submitted to the Court. **Any creditor**

**objecting to such treatment must file an objection prior to the first scheduled Sec. 341 hearing**.

| CREDITOR | DESCRIPTION OF PROPERTY | PAYMENT AMOUNT |
|---|---|---|
| **Drive Financial** | 2003 Ford Explorer | $128.37/mo. |
| **Plain Dealer Fed.C.U.** | 2001 Ford Escape | $58.00/mo. |

    4. **Classification of claims and sequence of payments**. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

        a. **Administrative expenses.** Debtor('s)(s') counsel fees in chapter 13 cases in Akron, Ohio shall be deemed an administrative expense of the bankruptcy estate pursuant to 11 U.S.C. Sec. 503(b). Upon confirmation of the plan, provided that sufficient funds have been paid into the plan, the chapter 13 trustee shall commence payment of attorneys fees pursuant to 11 U.S.C. Section 507(a)(1) and 11 U.S.C. Section 1326(b)(1), subject to Administrative Order 04-01. Debtor('s)(s') counsel shall remain counsel of record and provide representation on behalf of the debtor(s) until completion or dismissal of the case, unless counsel's representation has been excused by the Court. Failure to attend to such representation may result in an order requiring disgorgement of fees upon a finding by the Court of sufficient cause after affording to all affected parties due process, including proper notice and the opportunity to be heard.

        b. **Cure of defaulted payments**. The following secured creditors shall be paid current monthly payments directly ("outside") by the debtor(s) with arrearage, if any, to be paid by the chapter 13 trustee. The first current monthly payment to these creditors will be made directly by the debtor(s) in the month following the month in which the plan is filed.

| CREDITOR | ARREARAGE | FIXED PAYMENT ON ARREARAGE |
|---|---|---|
| **Countrywide** | $5,500.00 | $91.66/mo. |
| **U.S. Bank** | 500.00 | $8.33/mo. |

        c. **Claims to which Sec. 506 valuation is not applicable**. The following creditor(s) hold(s) claim(s) alleged to be secured by a purchase-money security interest in a vehicle purchased for the debtor('s)(s') personal use within 910 days of the filing of the petition or, if the collateral is other than a vehicle, within 1 year of the filing of the petition. The treatment of such claim(s) is indicated by an "X" entered before the applicable paragraph:

1. The following creditors are to be paid in full with interest and in equal monthly amounts by the chapter 13 trustee as specified below:

| CREDITOR | COLLATERAL | CLAIM | INTEREST | PAYMENT AMOUNT |
|---|---|---|---|---|
| **Drive Financial** | 2003 Ford Explorer | $6,640.74 | 6% | $128.37/mo. |
| **Plain Dealer C.U.** | 2001 Ford Escape | $3,000.00 | 6% | $58.00/mo. |

2. The collateral described below is to be surrendered and the claim treated as follows;

| CREDITOR | COLLATERAL | TREATMENT OF CLAIM |
|---|---|---|
| **Wells Fargo Bank** | 11309 Lardet, Cleveland | **Deficiency to be paid as un-secured creditor if timely claim is filed** |
| **Homeq Servicing** | 7700 New York, Cleveland | **Deficiency to be paid as un-secured creditor if timely claim is filed** |

3. The claim(s) shall be modified pursuant to 11 U.S.C. Sec. 1322(b)(2) so as to be bifurcated into a portion to be paid in full and the balance to be paid prorata as a general unsecured claim. **If a creditor objects to this treatment of its claim, the creditor must file an objection to confirmation within 10 days prior to the date of the hearing on confirmation of the plan or the Court may deem its objection to be waived.**

| CREDITOR | COLLATERAL | AMOUNT TO BE FULLY PAID | INTEREST | PAYMENT |
|---|---|---|---|---|

**None.**

d. **Claims to which Sec. 506 valuation is applicable**. The following claims shall be paid as follows:

| CREDITOR | SECURED VALUE | INTEREST | FIXED PAYMENT |
|---|---|---|---|

None.

With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of the claim or the debtor proposes to surrender the property to such holder, the holder of each allowed secured claim shall retain the lien securing such claim
until the earlier of the payment of the underlying debt determined by nonbankruptcy law or a discharge under 11 U.S.C. Sec. 1328

      e. **Priority claims.** All claims entitled to priority under 11 U.S.C. Sec. 507 shall be paid in full in deferred cash payments unless a holder of a particular claim agrees to a different treatment. The following priority claims shall be paid in full, as follows:

      1. **Domestic support obligations as defined in 11 U.S.C. Sec. 101 (14A)**

| CREDITOR'S NAME, ADDRESS | TELEPHONE NO. | STATE HAVING JURISDICTION |
|---|---|---|
| None. | | |

      2. **Arrears owed to domestic support obligation holders or governmental units under 11 U.S.C. Secs. 507(a)(1)(A) and (B).**

| CREDITOR | ARREARAGE CLAIM | STATE HAVING JURISDICTION |
|---|---|---|
| **None.** | | |

      3. **Other priority claims**.

| CREDITOR | ESTIMATED AMOUNT OF CLAIM |
|---|---|
| None. | |

      f. **Unsecured claims**. Creditors holding unsecured claims shall be paid 1% of the amount owed after payment of administrative, secured and priority claims on a pro rata basis. No interest accruing after the filing of the petition shall be allowed.

g. **Postpetition claims.** The plan shall allow for the payment of all or a part of a postpetition claim allowed under 11 U.S.C. Sec. 1305.

5. **Executory contracts and leases**. Executory contracts and unexpired leases for personal property shall be treated as follows:

The debtor rejects the executory contract for the time-share arrangement owed to Westgate Resorts and any balance shall be paid to this claimant as a general unsecured creditor.

Any claim filed by the above creditor(s) shall be allowed as if such claim arose prior to the filing of the petition, subject to the rights of the debtor(s) or chapter 13 trustee to object to the amount of the claim pursuant to 11 U.S.C. Sec. 502(g). A rejected executory contract claimant or lessor of personal property has 90 days from the date of the Sec. 341 hearing to file a proof of claim.

6. **Other provisions**. The following provisions shall further apply:

a. Any claim not filed within the time allowed under Bankruptcy Rule 3002(c) shall be disallowed pursuant to 11 U.S.C. Sec. 502(b)(8). A claim filed by a governmental unit shall be disallowed if not filed before 180 days after the date of the order for relief.

b. In the event that a creditor has been granted relief from stay, the chapter 13 trustee shall immediately cease disbursement on the remaining unpaid claim(s) of the creditor(s) who sought the relief and upon the remaining unpaid claim(s) of other creditor(s) holding liens on the property that is subject to the order granting relief from stay, unless otherwise ordered by the Court.

c. Confirmation of the plan shall vest all property of the estate in the debtor(s). All property of the estate as defined in 11 U.S.C. Sec. 541 and 1306 shall remain in possession of the debtor(s) until the case is closed, dismissed or converted to a case under chapters 7, 11 or 12 of the Bankruptcy Code, whichever occurs first.

d. The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) and the chapter 13 trustee from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) or the chapter 13 trustee any duty, requirement or obligation to submit any or

all claims, demands or causes of action of the debtor(s) or the chapter 13 trustee or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising prepetition or postpetition, to any form of binding arbitration or alternative dispute resolution. Consequently confirmation of this plan shall constitute a finding that any such causes, conditions or provisions, whether under the Federal Arbitration Act or any state rule, statute or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) and to the chapter 13 trustee.

DATED at Akron, Ohio, August 7, 2009

/s/ Edward Eugene Madden, Jr.

_____

/s/ Tiffany Cherie Madden

_____

/s/ Robert M. Whittington, Jr. 0007851
159 S. Main St., #1023
Akron, OH 44308
Voice 330 384 8484
Fax 330 384 8953
E-mail elkwhitt@neo.rr.com

# CERTIFICATE OF NOTICE

```
District/off: 0647-5           User: meldr                Page 1 of 2               Date Rcvd: Oct 30, 2009
Case: 09-53531                 Form ID: pdf703            Total Noticed: 52

The following entities were noticed by first class mail on Nov 01, 2009.
db/db          +Edward Eugene Madden, Jr,   Tiffany Cherie Madden,    7427 Buoy Ct.,    Northfield, OH 44067-3010
18714703       +Alliance One Inc.,    1684 Woodlands Dr Ste 150,    Maumee OH 43537-4026
18896632       +CAPITAL ONE BANK (USA), N.A.,    C/O TSYS DEBT MANAGEMENT (TDM),    PO BOX 5155,
                 NORCROSS, GA 30091-5155
18714705        Capital One,    P.O. Box 30285,   Salt Lake City, UT 84130-0285
18714706       +Capital One Bank,   4851 Cox Rd.,    Glen Allen, VA 23060-6293
18714707       +Childrens Place,   915 Secaucus Road,    Secaucus, NJ 07094-2409
18714708        Citifinancial,   P.O. Box 6931,    Las Vegas, NV 88901-6931
18714709       +City of Cleveland Utilities,    1201 Lakeside,   Cleveland, OH 44114-1100
18714711        Cleveland Clinic Foundation,    P.O. Box 73662,   Cleveland, OH 44193-1273
18714712       +Countrywide,   P.O. Box 660694,    Dallas, TX 75266-0694
18714713        Directv,   P.O. Box 78626,   Phoenix, AZ 85062-8626
18714714       +Drive Financial,   8585 North Stemmons Freeway,    Suite 900,   Dallas, TX 75247-3836
18714715       +Edward Madden, Sr.,   6130 Robertdale Rd.,    Oakwood Village, OH 44146-2556
18714716        First Federal Credit Control,    24700 Chagrin Blvd., #205,    Cleveland, OH 44122-5662
18714727       +Frank Russo, Cuy. Co. Auditor,    1219 Ontario St.,    Cleveland, OH 44113-1611
18732733       +GMAC,   PO BOX 78367,    PHOENIX, AZ 85062-8367
18729343       +GMAC,   PO Box 130424,    Roseville, MN 55113-0004
18714717        General Motors Accept. Corp.,    P.O. Box 7041,    Troy, MI 48007-7041
18714718       +Highland Podiatry Assoc.,    863 W. Aurora Rd.,    Northfield, OH 44067-1603
18714719       +Home Depot,    Citibank Processing Center,    P.O. Box 650689,    Dallas, TX 75265
18714724       +Jeffrey Lubell DPM,    628 E 222nd St,   Cleveland, OH 44123-2032
18714730       +Kimberly V. Thomas,    2323 Park Avenue,   Cincinnati, OH 45206-2711
18714721       +LDC Collections,   P.O. Box 4967,    Trenton, NJ 08650-4967
18714722        Levin Furniture,    World Financial Network National Bank,    PO Box 182273,
                 Columbus, OH 43218-2273
18714723        Lowes,    P.O. Box 103080,   Roswell, GA 30076
18975751       +Midland Credit Management, Inc.,    8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
18946233       +OHIO EDISON BANKRUPTCY DEPARTMENT,    6896 MILLER RD SUITE 204,    BRECKSVILLE OH 44141-3222
18958967       +PLAIN DEALER CREDIT UNION,    1801 SUPERIOR AVENUE,   CLEVELAND, OHIO 44114-2198
18885049       +PRA Receivables Management, LLC,    As Agent Of Portfolio Recovery Assocs.,    PO Box 12914,
                 NORFOLK VA 23541-0914
18893903       +PRA Receivables Mgmt LLC as agent of,    Portfolio Recovery Assocs,    POB 41067,
                 Norfolk, VA 23541-1067
18960441       +Plain Dealer Credit Union,    c/o Weltman Weinberg & Reis Co LLP,
                 323 W. Lakeside Ave., 2nd Floor,    Cleveland, OH 44113-1009
18714725       +Plain Dealer Federal C.U.,    1801 Superior Ave.,    Cleveland, OH 44114-2198
18714704       +Richard Berkowitz,   6688 Ridge Rd.,    Parma, OH 44129-5706
18714726       +Rockside Internal Medicine,    22750 Rockside Rd,    Bedford, OH 44146-1574
18797966        Santander Consumer USA Inc.,    PO Box 560284,   Dallas, TX 75356-0284
18948196       +Student Loan Xpress, Inc,    c/o Education Loan Servicing Corporation,    Attention: Claims,
                 1500 West 3rd Avenue, Suite 125,    Cleveland, OH 44113-1422
18714729       +Summit Co. Environment Svcs.,    2525 State Rd.,    Cuyahoga Falls, OH 44223-1602
18714732       +Trugreen Chemlawn,   20375 Hannan Parkway,    Walton Hills, OH 44146-5354
18857152       +U.S. BANK CONSUMER FINANCE,    205 W. 4TH STREET, SUITE 500,    CINCINNATI, OH 45202-4812
18714735       +UPCP Rockside,   22750 Rockside Rd,,    Cleveland, OH 44146-1574
18714733      ++US BANK,   PO BOX 5229,   CINCINNATI OH 45229-5229
                 (address filed with court:  U.S. Bank,    4801 Frederica St.,    Owensboro, KY 42301)
18714734        University Hospitals of,    Cleveland,   P.O. Box 94564,   Cleveland, OH 44191-0594
18714720      ++WACHOVIA BANK NA,   PO BOX 13765,   ROANOKE VA 24037-3765
                 (address filed with court:  Homeq Servicing Corp.,    P.O. Box 13716,    Sacramento, CA 95853-3716)
18744662        WELLS FARGO BANK NA,    C/O STEVEN H. PATTERSON,    LERNER, SAMPSON & ROTHFUSS,    PO BOX 5480,
                 CINCINNATI, OH  45201-5480
18714736       +Wells Fargo Bank c/o,    Craig A. Thomas,    120 E. 4th St. 8th Floor,    Cincinnati, OH 45202-4010
18803616       +Wells Fargo Bank, N.A.,    1 Home Campus,    Attn: Bankruptcy Payment Processing,    MAC# X2501-01D,
                 Des Moines, IA 50328-0001
18714738       +Westgate Resorts,    Central Florida Investments, Inc.,    Corporate Headquarters,
                 5601 Windhover Drive,   Orlando, FL 32819-7936
18714739       +Xpress Loan Servicing,    Attn. Gen'l. Counsel,    CIT Group Inc.,,    1 CIT Drive,
                 Livingston, NJ 07039-5703

The following entities were noticed by electronic transmission on Oct 30, 2009.
18832020       +E-mail/Text: TRBANKRUPTCY@CUYAHOGACOUNTY.US                              CUYAHOGA COUNTY TREASURER,
                 1219 ONTARIO STREET,   ROOM 109 - BANKRUPTCY DEPT,    ATTN:  LORETTA PARKS,
                 CLEVELAND, OH 44113-1611
18829478       +E-mail/Text: TRBANKRUPTCY@CUYAHOGACOUNTY.US                              Cuyahoga County Treasurer,
                 1219 Ontario Street,   Cleveland, OH 44113-1697
18714728        E-mail/PDF: gecsedi@recoverycorp.com Oct 31 2009 02:08:28      Sam's Club,    P.O. Box 981064,
                 El Paso, TX 79998-1064
18714731       +E-mail/Text: crystal.womack@twcable.com                                  Time Warner Cable,
                 5520 Whipple Ave., N.W.,    North Canton, OH 44720-7700
                                                                                                TOTAL: 4

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Plain Dealer Federal Credit Union
cr              Wells Fargo Bank, N.A.
18714737        Westgate Resorts,    Central Florida Investments, Inc.,    Corporate Headquarters,
                 5601 Windhover Drive
```

```
18714710*    +City of Cleveland Utilities,   1201 Lakeside,   Cleveland, OH 44114-1100
18902529*    +PRA RECEIVABLES MGMT LLC AS AGENT OF,   PORTFOLIO RECOVERY ASSOCS,   POB 41067,
              NORFOLK, VA 23541-1067
                                                                                             TOTALS: 3, * 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 01, 2009**                              **Signature:**    *Joseph Speetjens*